1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   **ALONZO OWENS,**                         **CIV-F-04-6361 AWI DLB PC**

12                    **Plaintiff,**            **ORDER RE: FINDINGS AND**
     **vs.**                                    **RECOMMENDATIONS (Doc. 10)**

13
     **CALIFORNIA DEPARTMENT OF**               **ORDER DISMISSING ENTIRE**
14   **CORRECTIONS, et al.,**                    **COMPLAINT WITHOUT LEAVE**
                                                 **TO AMEND**
15                    **Defendants.**

16

17   _____

18        Plaintiff Alonzo Owens ("Plaintiff"), a state prisoner proceeding pro se and in forma

19   pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was

20   referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

21   72-302.

22        On February 14, 2005, the Magistrate Judge filed Findings and Recommendations

23   ("F&R") which were served on the parties and which contained notice to the parties that any

24   objections were to be filed within thirty (30) days. Doc. 10.  To date, the parties have not filed

25   objections to the F&R.

26        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305,

27   the court has conducted a de novo review of this case.  The only defendant named in Plaintiffs

28

1   Amended Complaint is Donald Burnett[1] ("Defendant"), an instructor of a shop class that Plaintiff

2   was taking. Doc. 8.  Plaintiff claims that Defendant violated Plaintiff's Eighth Amendment rights

3   by failing to provide adequate ventilation though he had been previously warned by Plaintiff of

4   the danger of injury from dust particles in the air. Doc. 8, Amended Complaint, at 2:4-8.

5   "Inadequate ventilation and air flow violates the Eighth Amendment if it undermines the health

6   of inmates and the sanitation of the penitentiary." Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir.

7   1996) (citations omitted).  In order to establish an Eighth Amendment violation for deliberate

8   indifference, Plaintiff must show two things: the deprivation was sufficiently serious from a

9   objective point of view and prison officials must subjectively "know of and disregard an

10  excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 and 837 (1994).

11  Neither requirement is met in this case.

12        With respect to Defendant's state of knowledge, Plaintiff alleges that he personally

13  warned Defendant of the inadequacy of ventilation and Defendant failed to take any action.

14  However, there is no indication that Defendant knew of the seriousness of the risk from the dust

15  and particles in the air.  While Defendant knew of the existence of some risk to inmate health,

16  there is no indication that Defendant knew that the risk was excessive.  In order to hold a prison

17  official liable, "the official must both be aware of facts from which the inference [of excessive

18  danger] could be drawn that a substantial risk of serious harm exists, and he must also draw the

19  inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

20        With respect to the objective degree of risk to inmate health, Plaintiff alleges that dust

21  particles in the air were caught in his eye, causing continued blurred vision and watery eyes. Doc.

22  8, Amended Complaint, at 2:10-11.  Plaintiff does not state what kind of dust caused his eye

23  irritation, but the court assumes that the particles were sawdust from the woodshop class.

24  Whether such a danger constitutes a sufficiently serious risk of harm is doubtful.  A review of

25  similar cases (prisoners alleging that Eighth Amendment violations due to exposure to dust or

26

27  _____

28        [1]The spelling of Defendant's last name is uncertain as Plaintiff uses various alternative
    spellings through his papers.

2

1   other particulate matter) shows that courts have found Eighth Amendment violations when

2   prisoners were exposed to dust from inherently dangerous materials.  In one case concerning a

3   prison work detail that was assigned to clean attics that contained asbestos, the Ninth Circuit

4   concluded that exposure to asbestos without any ventilation or protective gear is a sufficiently

5   serious danger of harm. Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995).  However, the

6   simple fact that the work involved a considerable amount of "dust and debris" was not claimed to

7   be a serious health risk by the plaintiff in that case. Wallis v. Baldwin, 70 F.3d 1074, 1075 (9th

8   Cir. 1995).  The Seventh Circuit recently found that the presence of fiberglass dust which caused

9   nosebleeds and respiratory problems in the absence of adequate ventilation constituted an

10  objectively serious health risk. Board v. Farnham, 394 F.3d 469, 486 (7th Cir. 2005).  In another

11  case, a prisoner successfully stated a claim where insufficient safety equipment was provided

12  when working with potentially carcinogenic materials in metal shop class. See Crawford v.

13  Coughlin, 43 F. Supp. 2d 319, 323 (W.D.N.Y. 1999).

14          In contrast, the Third Circuit found that a prisoner's allegation that "unidentified dust

15  particles were in his lungs and mucus, and that he is suffering from severe headaches, watery

16  eyes, and a change in his voice as a result" was sufficient to allow suit to proceed despite the fact

17  that the prisoner was subject to the "three strikes" provision of 28 U.S.C. § 1915(g). Gibbs v.

18  Cross, 160 F.3d 962, 965 (3rd Cir. 1998).  The Third Circuit specifically distinguished the Eighth

19  Amendment's much more stringent standard for deliberate indifference, noting that case law

20  suggested symptoms "such as headaches and nausea do not amount to a serious physical injury"

21  under that standard. Gibbs v. Cross, 160 F.3d 962, 966 (3rd Cir. 1998).  "[H]eadaches, dust

22  mites, watery eyes" are not serious harms. Bean v. Washington, 1999 U.S. Dist. LEXIS 14893

23  (N.D. Ill., 1999).  Irritation of the eye due to sawdust does not rise to the level of an Eighth

24  Amendment violation.

25          Having carefully reviewed the entire file, the Court finds the Findings and

26  Recommendations to be supported by the record and by proper analysis.

27          Accordingly, IT IS HEREBY ORDERED that:

28          1.      The Findings and Recommendations, filed February 14, 2005, are ADOPTED IN

1   FULL; and,

2       2.      The complaint is DISMISSED, without leave to amend, in its entirety for

3   Plaintiff's failure to state a claim upon which relief can be granted.

4   IT IS SO ORDERED.

5   **Dated:    April 26, 2005           _____/s/ Anthony W. Ishii_____**
    0m8i78                              UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28